# IN THE COURT OF APPEALS OF IOWA

No. 15-1398
Filed August 31, 2016

**STATE OF IOWA,**
　　　Plaintiff-Appellee,

**vs.**

**JOSHUA MICHAEL STEWARD,**
　　　Defendant-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Eliza J. Ovrom, Judge.

Joshua Steward appeals from his conviction following a jury trial for assault on a peace officer, a serious misdemeanor, in violation of Iowa Code section 708.3A(4) (2015). **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, Kevin Cmelik, Assistant Attorney General, and Shawna Domeyer, Student Legal Intern, for appellee.

Considered by Danilson, C.J., Tabor, J., and Mahan, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**DANILSON, Chief Judge.**

Joshua Steward appeals from his conviction following a jury trial for assault on a peace officer, a serious misdemeanor, in violation of Iowa Code section 708.3A(4) (2015). Steward contends defense counsel rendered ineffective assistance by failing to object to the State's remarks in rebuttal closing argument, which referenced the defense's failure to call a witness. Because the record is insufficient to determine whether defense counsel was ineffective, we affirm and preserve Steward's claim for possible postconviction relief proceedings.

On April 18, 2015, an officer performed a traffic stop on a vehicle transporting Steward and being driven by Steward's friend, Nikko Scott. While the officer was checking Steward and Scott's information, Steward became very nervous, knowing he had warrants out for his arrest. Steward attempted to exit the vehicle and flee but was tackled by the officer. Steward managed to free himself and rise to his feet. The officer testified Steward then pushed him, causing him to fall to the ground, and ran. Steward testified he merely ran once he got to his feet and denied pushing the officer.

The only third-party witness to the incident was Scott. The State did not call Scott as a witness. The defense intended to call Scott as a witness but ultimately proceeded without his testimony.[1]

---

[1] The transcript reflects that on the first day of trial, defense counsel stated he intended to call Scott as a witness but did not expect to get to the defense's case so quickly and had scheduled Scott to testify the following morning. Defense counsel was unable to reach Scott and proceeded to Steward's testimony. At the end of the day, the record was left open for the defense to present further evidence the following day. It is unclear why defense counsel did not call Scott as planned the following day and instead rested.

At issue in this matter are remarks by the State in rebuttal argument made in response to defense counsel's closing argument regarding the failure to call Scott as a witness. Defense counsel's closing argument provided, in part:

> Now, in my voir dire and throughout the case it's kind of been framed as a he said/he said, [the officer]'s story versus Josh Steward's story, just the two versions to compare, except for that's not actually true. [The officer] testified that there was a person who had a ringside seat for this whole affair, saw the whole thing, and at least theoretically should be able to testify to what [the officer] said.
>
> That would be this Nikko Scott, the gentleman Mr. Steward turned to and said, I'm going to flee, I'm going to run away, placing him in the situation of having to deal with the aftermath of that. The gentleman who, if you paid attention, his name didn't come up until the defense brought it up under cross, not in closing, not in any other testimony.
>
> It's almost as if the State was ashamed of him, didn't want you to think about him, but you've kind of got to think about him. You have to ask yourself, if there's an eyewitness, someone with a perfect view of the whole thing who theoretically should be able to make it look like it's not just a he said/he said but could come in and back up everything the officer had to say, why wouldn't they have had him do that?
>
> They could certainly compel him to come in if he didn't want to. Why wouldn't you have him come in and say, Yeah, it happened exactly like [the officer] said, [Steward] definitely pushed him. The only—you have to think about that, why you wouldn't do that because, remember, it's the State's job, their whole job here is to present the best evidence to you so you can find my client guilty so you can reach a verdict.
>
> Our job, we don't have to present anything. We have no obligation to put on a case. We have no obligation to call witnesses, present evidence, nothing.

The State then made the following remarks in its rebuttal argument:

> Yes, ladies and gentleman, the State does have a burden in this case, and the State offered the evidence to prove that up. But make no mistake, defense counsel can call people too. If there was something there, where do you think Nikko would be? That's not the case.

Steward contends the State's remarks were an improper attempt to shift the burden of proof to the defense. Steward asserts the comments constitute

prosecutorial misconduct and defense counsel rendered ineffective assistance in failing to object.

We review ineffective-assistance-of-counsel claims de novo. *State v. Tejeda*, 677 N.W.2d 744, 754 (Iowa 2004). To demonstrate he was provided ineffective assistance, the defendant "must prove by a preponderance of the evidence that '(1) his counsel failed to perform an essential duty, and (2) prejudice resulted.'" *Id.* (citation omitted). However, "[o]nly in rare cases will the trial record alone be sufficient to resolve the claim on direct appeal." *State v. Straw*, 709 N.W.2d 128, 133 (Iowa 2006). "Th[is] is particularly true where the challenged actions of counsel implicate trial tactics or strategy which might be explained in a record fully developed to address those issues." *State v. Rubino*, 602 N.W.2d 558, 563 (Iowa 1999). "We prefer to reserve such questions for postconviction proceedings so the defendant's trial counsel can defend against the charge." *State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006).

To establish a successful prosecutorial-misconduct claim, Steward must show misconduct occurred and he "was so prejudiced as to warrant a new trial." *State v. Jacobs*, 607 N.W.2d 679, 689 (Iowa 2000). Because, "[i]t is improper for the State to shift the burden to the defense by suggesting the defense could have called additional witnesses," *State v. Hanes*, 790 N.W.2d 545, 556 (Iowa 2010), the State's remarks in rebuttal closing argument may well have constituted prosecutorial misconduct, to which an objection would have been proper.

However, the record is insufficient to determine whether defense counsel rendered ineffective assistance in this case. The record does not reflect defense counsel's potential strategy in failing to call Scott as a witness or his reasoning in

failing to object to the State's remarks in rebuttal closing argument. *See State v. Clay*, 824 N.W.2d 488, 500 (Iowa 2012) ("If the challenged actions of counsel implicate trial tactics or strategy, we will not address the issue until the record is fully developed."). The record is also insufficient to determine whether prejudice resulted from either the alleged prosecutorial misconduct or defense counsel's failure to object.

We therefore affirm and preserve Steward's claim for possible postconviction proceedings.

**AFFIRMED.**